UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert Faughnan,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Wells Fargo Bank, N.A.; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, Robert Faughnan, says by way of Complaint against Defendant, Wells Fargo Bank, N.A., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Robert Faughnan ("Plaintiff"), is an adult individual residing in Jackson, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), is a business entity located in Sioux Falls, South Dakota, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Wells Fargo and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Wells Fargo at all times acted by and through one or more of the Agents.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. In or around January 2016, Wells Fargo began calling Plaintiff's cellular telephone, number 609-XXX-3703.

9. Wells Fargo called Plaintiff from telephone number 877-647-8551, using an automatic telephone dialing system ("ATDS").

10. When Plaintiff answered calls from Wells Fargo he experienced a brief period of silence before being connected to a live representative.

11. In or around January 2016, Plaintiff demanded that Wells Fargo stop calling his cellular telephone.

12. Nevertheless, Wells Fargo continued to place ATDS calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendants' telephone systems have some earmarks of a Predictive Dialer. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

17. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Despite being directed to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 2, 2016

> Respectfully submitted,
>
> By: /s/ Sofia Balile
>
> Sofia Balile, Esq.
> Lemberg Law, LLC
> 43 Danbury Road
> Wilton, CT 06897
> Phone: (917) 981-0849
> Fax:    (888) 953-6237